875 F.2d 868
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hugh JOHNSON, Defendant-Appellant.
 No. 88-1791.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 PER CURIAM:
 
 
 1
 Defendant Hugh Johnson ("Johnson") appeals his jury conviction for attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On June 1, 1987, Johnson shipped a box to Detroit, Michigan from the Los Angeles priority package office of American Airlines. On the airbill filed out at the time of shipping, Johnson signed the name of Greg French as the sender and his own name as the recipient. The shipping clerk Robert Greb ("Greb") became suspicious of Johnson's "shy and nervous demeanor" and opened the box[1] after Johnson left the office. Upon opening the box, Greb found two empty boxes, an empty flight bag, and another box that contained two and half kilograms of a white substance wrapped in plastic. Greb contacted the Los Angeles police, who confirmed that the white substance was, in fact, cocaine. After photographing the contents of the package, the Los Angeles police made a controlled delivery to Detroit.
 
 
 3
 In Detroit, the cocaine was replaced with a non-narcotic substance and placed on the conveyor belt with the other packages to see who would claim it. After no one claimed the package that day it was placed in the DEA safe overnight. The next morning DEA agents called the American Airlines baggage office, instructing the clerk to delay anyone who tried to claim the package because the agents were delayed in getting to the airport.
 
 
 4
 On June 2, 1987, Johnson arrived in Detroit on a "red-eye" flight from Los Angeles by way of Kansas City. When Johnson went to the American Airlines package claim area to pick up the box he had shipped the previous day, he was told that there was a delay in unloading the plane and to come back in fifteen to twenty minutes. Before leaving the American Airlines claim area, Johnson asked the clerk about flights to Los Angeles and Atlanta. Johnson then spoke with a clerk at the United Airlines ticket counter. As he walked away, DEA agents who had been watching stopped him and asked to see his ticket and some identification. Johnson gave the agents his business card, showed them his one way ticket from Los Angeles to Detroit, but had no return ticket. He told the agents that he was in Detroit to deliver an important package to a friend, Brian Robertson, at which point the agents thanked him and let him go. Before boarding a Northwest flight for Los Angeles, Johnson made a phone call. After he boarded the airplane, DEA agents arrested Johnson. A search incident to that arrest revealed the sender's receipt of the airbill filled out in Los Angeles.[2]
 
 
 5
 A four day jury trial resulted in a guilty verdict, and on July 15, 1988, Johnson was sentenced to five years imprisonment. Johnson now appeals this conviction.
 
 II.
 
 6
 Johnson first argues that Greb was acting as a government agent and not as a private citizen when he opened the box, and that, therefore, Greb's search of the box was unconstitutional, and should have been suppressed. This argument is unsupported by the evidence and Greb's testimony. To prevail on a motion to suppress evidence allegedly obtained from an unconstitutional search, a defendant must show that the search was conducted by government agents or that a private citizen was acting on behalf of the government at the time the search was conducted. Coolidge v. New Hampshire, 403 U.S. 443, 487 (1971). Since Greb was a private citizen, Johnson had the affirmative duty to show that the police either encouraged, instigated or participated in the search, and that Greb initiated the search with the intent of assisting the police. United States v. Jacobsen, 466 U.S. 109 (1984); United States v. Lambert, 771 F.2d 83, 89 (6th Cir.) cert. denied, 474 U.S. 1034 (1985); United States v. Howard, 752 F.2d 220, 227 (6th Cir.), cert. denied, sub nom Shelton v. United States, 472 U.S. 1029 (1985). Johnson was unable to establish either requirement.
 
 
 7
 Greb testified at the suppression hearing[3] that he was looking for a bomb, not narcotics, because he had been warned to look out for explosives. In fact, he further testified that, during his two year tenure as a clerk in the American Airlines express package office, he had opened five or six packages and had found drugs on only one previous occasion. In addition, there was no evidence that the police encouraged Greb to open the package or that Greb had any specialized knowledge of how to identify drug packages. Greb testified that his decision to open the box was self-motivated and free of any governmental involvement. Since the Constitution does not prohibit private searches even if they are unreasonable, the cocaine obtained through the search of Johnson's box was properly admitted.
 
 
 8
 Johnson next argues that there was insufficient evidence to support his conviction. We reject this argument. Reviewing the evidence in the light most favorable to the government, if a rational trier of fact could have found guilt beyond a reasonable doubt, the evidence, even if circumstantial, will support the conviction. United States v. Adamo, 742 F.2d 927, 932 (6th Cir.), cert. denied, 467 U.S. 1193 (1984). Johnson's defense was that he was an unknowing courier. However, based on the evidence presented at trial, the jury could have reasonably concluded that Johnson was aware that there was cocaine in the box because he attempted to return to Los Angeles without claiming it.
 
 
 9
 In a motion to suppress,[4] Johnson argued that the DEA agents did not have probable cause to arrest him; and therefore, any evidence obtained as a result of the search incident to that arrest was the fruit of an illegal arrest. "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." Illinois v. Gates, 462 U.S. 213, 244 n. 13 (1983). The district court properly rejected this argument, finding that there were sufficient facts to support the agents' belief that criminal activity was afoot. Johnson had attempted to claim the cocaine-filled package, and, instead of waiting the fifteen minutes for the box he had flown halfway across the country to deliver, he chose to take the next available flight back to the west coast. This behavior was inconsistent with that of an innocent courier, and constituted sufficient probable cause to arrest.
 
 
 10
 Finally, Johnson argues that following his conviction, he was improperly sentenced under the mandatory minimum sentence provision found in 21 U.S.C. Sec. 841, therefore making him ineligible for parole. The district court judge specified that Johnson's sentence was independent of a statutory five year minimum. The district court said:
 
 
 11
 I did not give him five years because I thought I had to. I want that to be clear. I think as a matter of law there is a five year minimum, ... but the point I want to make is that I would have given him five years whether there was a mandatory minimum or not.
 
 
 12
 (Hearing on Motion for Bond Pending Appeal Tr. 374, 376). Both the government and the defense agree that there is no mandatory minimum in this case and we agree. However, since the district court said at the time of sentencing that he would have given the same sentence, regardless of the minimum, we find no error.
 
 
 13
 Accordingly, for the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Greb was also suspicious because the package was extremely light, considering Johnson had told him that the box contained video equipment
 
 
 [2]
 DEA agents later discovered that the Detroit address used on the airbill was across the street from Johnson's childhood home. The telephone number on the airbill belonged to Brian Webster who was found flushing cocaine down the toilet when police arrived with a search warrant. While searching Brian Webster's home, DEA agents also discovered over $73,000 in cash and a triple-beam scale
 
 
 [3]
 Johnson also claimed that Greb's testimony at the suppression hearing was inconsistent with his testimony at trial. However, the district court found the witness to be "credible ... honest and forthright." We can not overturn that finding of fact unless clearly erroneous. United States v. United States Gypsum Co., 333 U.S. 364 (1948)
 
 
 [4]
 The district court refused to hear this motion because it was not timely filed. At trial, defense counsel objected to the introduction of any evidence obtained as a result of the search incident to the warrantless arrest, forcing the court to address the issue of probable cause